## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LOLITA WESTBROOK,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**PARAGON SYSTEMS, INC.,** )<br>)<br>    **Defendant.** ) | CIVIL ACTION 07-0714-WS-C |

### ORDER

This matter is before the Court on the plaintiff's motion to strike. (Doc. 5). The plaintiff asks the Court to strike all 22 of the defendant's affirmative defenses as set forth in its answer. The plaintiff cites as grounds: (1) that Rule 8 requires "a short and plain statement of the grounds for relief"; and (2) that *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), requires a defendant to allege facts to support the invocation of the affirmative defense.

As a threshold matter, the motion to strike comes too late. Rule 12(f) requires that such a motion be filed within 20 days of service of the pleading being attacked, and the instant motion was filed 21 days after the answer was filed and electronically served. At any rate, the plaintiff's abbreviated motion does not support the relief requested.

The cited material from Rule 8 resides in Rule 8(a), which governs the pleading of complaints and other claims for affirmative relief. In contrast, Rule 8(b) provides only that the defendant "state in short and plain terms the party's defenses," and Rule 8(c) specifies only that affirmative defenses be "set forth affirmatively." Neither expresses a requirement that the answer "show" the defendant is entitled to prevail on its affirmative defense.[1] *Twombly* was decided under Rule 8(a), 127 S. Ct. 1965-66 & n.3, and the

---

[1]*See also American Motorists Insurance Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948) ("Under our very liberal rules of pleading, ... [a] plea that simply states that

plaintiff has identified no case extending it to Rule 8(b) or (c).

The plaintiff cites generally to three cases for the proposition that the Eleventh Circuit disapproves of the shotgun pleading of affirmative defenses. That appears to be so, but there is no such shotgun pleading unless the complaint contains multiple claims and the affirmative defenses fail to distinguish among them, and such a result is usually an unfortunate byproduct of a shotgun complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001); *Anderson v. District Board of Trustees*, 77 F.3d 356, 367 (11th Cir. 1996). Here, the amended complaint contains a single claim (for breach of a conciliation agreement) by a single plaintiff against a single defendant, so there is no question as to where the affirmative defenses are directed.

There is plainly fluff in the defendant's listing of affirmative defenses, many of which are not truly affirmative defenses to begin with but denials of the plaintiff's ability to prove various facets of her case. The Court fully expects the defendant to isolate those defenses that are truly affirmative and that are legitimately at issue without wasting the time of the Court or the plaintiff.

For the reasons set forth above, the plaintiff's motion to strike is **denied**.

DONE and ORDERED this 29th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

complainant was guilty of contributory negligence, as in the case at bar, is sufficient.").